**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**UNITED STATES OF AMERICA,**

  v.

**LUIS DAVIS,**

    **Defendant.**
_____

1:17-cr-00038-WAL-GWC-1

TO: Daniel H. Huston, Esq., AUSA
   Kia Danielle Sears, Esq., AFPD

## ORDER DENYING MOTION TO RECONSIDER ORDER OF DETENTION

THIS MATTER is before the Court upon Defendant Luis Davis's Renewed[1] Motion to Reconsider Order of Detention (ECF No. 245). The United States of America (United States) filed an opposition to the motion, and Defendant did not file a reply thereto. The motion is ripe for adjudication.

Defendant seeks pretrial release because "[t]o date, he has been detained pre-trial for more than four years." Mot. at 1. Defendant "did not initially challenge his detention because he was serving another sentence. However, that sentence has expired. Given the continued delay of his case he now asks this Court to revisit the issue of detention." *Id*. at 4. The United States opposes on the grounds that "nothing has changed regarding the factual

---

[1] This Court denied Defendant's Motion to Reconsider Order of Detention (ECF No. 240) without prejudice for failure to satisfy Local Rule of Civil Procedure 7.1(f). ECF No. 242.

*United States v. Davis et al*
1:17-cr-00038-WAL-GWC-1
Order Denying Motion to Reconsider Order of Detention
Page 2

and legal support for defendant's pretrial detention. Thus, his continued detention is still warranted." Opp'n (ECF No. 247) at 1.

Defendant does not cite any legal authority for his release in his motion. First, the Court treats Defendant's motion as a motion to reopen detention hearing pursuant to Title 18 of the United States Code, Section 3142(f), which allows a detention hearing to be reopened based upon new evidence. Subparagraph (f)(2)(B) of Section 3142, provides, in pertinent part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C.A. § 3142(f)(2)(B).

The Court finds that the conditions for reopening detention have not been met. The length and expiration of his sentence "in an unrelated Superior Court matter" were known at the time of the Government's motion for pre-trial detention, Defendant did not argue for pre-trial release, and Defendant was detained. Mot. at 1-2. Thus, the Court finds that the expiration of that sentence does not have a "material bearing" on the issues of Defendant's appearance and the safety of the community. *Id*. Both conditions must be met before detention may be reopened or "reconsidered." Consequently, the Court finds that Defendant is not entitled to reopen the detention hearing under 18 U.S.C. § 3142(f)(2)(B).

*United States v. Davis et al*
1:17-cr-00038-WAL-GWC-1
Order Denying Motion to Reconsider Order of Detention
Page 3

Second, the Court treats Defendant's motion as an argument that his pretrial detention is constitutionally excessive. "It is undisputed that at some point, pretrial detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation." *United States v. Romero-Amaro*, Criminal No. 2020-49, 2021 U.S. Dist. LEXIS 230383, at *5 (D.V.I. Dec. 2, 2021) (citing *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987))). Where a defendant challenges detention on the basis that its duration violates due process, "'the length of a detention period will rarely by itself offend due process.'" *Romero-Amaro*, 2021 U.S. Dist. LEXIS 230383, at *5 (citing *United States v. Hodge*, 2018 U.S. Dist. LEXIS 29516, at *8 (D.V.I. Feb. 23, 2018) (quoting *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993))). In *United States v. Accetturo*, 783 F.2d 382 (3d. Cir. 1986), the Third Circuit set forth factors for courts to consider in determining whether the extent of pretrial detention raises constitutional concerns. *Romero-Amaro*, 2021 U.S. Dist. LEXIS 230383, at *5. The *Accetturo* Court observed that:

> due process judgments should be made on the facts of individual cases, and should reflect the factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits. Moreover, these judgments should reflect such additional factors as the length of the detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has added needlessly to that complexity.

783 F.2d at 388. "After consideration of the relevant factors under the circumstances presented, courts have found pretrial detention periods as long as forty-one months, thirty

*United States v. Davis et al*
1:17-cr-00038-WAL-GWC-1
Order Denying Motion to Reconsider Order of Detention
Page 4

to thirty-three months, and thirty-two months to be constitutional." *Hodge*, 2018 U.S. Dist. LEXIS 29516, at *19 (D.V.I. Feb. 23, 2018) (internal citations omitted).

This Court found that by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Order of Detention Pending Trial, ECF No. 35 at 2. The reasons for Defendant's initial detention included the strength of the weight of evidence against him, that he is subject to a length period of incarceration if convicted, and his prior criminal history. *Id*. As discussed above, the factors relevant in the initial detention decision have not changed. The Court was persuaded then, and remains persuaded now, that considering the factors in 18 U.S.C. §3142, Defendant presents a likelihood of danger to the community that release conditions will not mitigate. Further, Defendant's argument that he "did not initially challenge his detention because he was serving another sentence" does not grant Defendant the opportunity, now, to challenge his detention as if it were in the first instance.

This Court must also consider delays caused by the COVID-19 pandemic, a factor unforeseen by *Accetturo*. The pandemic is one reason this matter has not proceeded to trial before now. Considering the multiple continuances listed in Defendant's motion, the Court acknowledges that neither party has contributed to the delay in any significant way, but unanticipated delay has nonetheless occurred. However, the Court cannot here find that the length of Defendant's pretrial detention amounts to punishment, or that it violates due process. *Romero-Amaro*, 2021 U.S. Dist. LEXIS 230383, at *9 (citing *United States v.*

*United States v. Davis et al*
1:17-cr-00038-WAL-GWC-1
Order Denying Motion to Reconsider Order of Detention
Page 5

*Wimbush*, 2021 U.S. Dist. LEXIS 86810, at *6 (D.N.J. May 6, 2021) (finding no due process violation where "[d]efendant's continued detention serves two clear legitimate governmental objectives: (1) protecting potential jurors, court staff and personnel, and other individuals integral to the criminal trial process amid the COVID-19 pandemic and (2) ensuring the safety of the community in light of the circumstances surrounding Defendant's arrest and his criminal history.")).

As to the remaining *Accetturo* factors, the Court notes that the period of pretrial detention to date is 51 months, and that trial is scheduled to take place in another six months. This would result in 57 months—well over four and half years—of pretrial detention. Under the authorities discussed above, while lengthy, this period of detention under these circumstances does not appear to be excessive such that a constitutional violation can be found.

Accordingly, it is now hereby **ORDERED** that Defendant Luis Davis's Renewed Motion to Reconsider Order of Detention (ECF No. 245) is **DENIED**.

ENTER:

Dated: December 14, 2021         /s/ George W. Cannon, Jr.
                                 GEORGE W. CANNON, JR.
                                 U.S. MAGISTRATE JUDGE